UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS GRAY, | Case No. 2:25-cv-2645-JDP (P) |
| Plaintiff, | |
| v. | ORDER |
| SACRAMENTO POLICE DEPARTMENT, *et al.*, | |
| Defendants. | |

Plaintiff, a county inmate, brings this section 1983 action against the Sacramento Police Department and Officer Ratcliffe for violation of his Fourth Amendment rights. His claims are adequate to proceed past screening. Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is denied as moot since plaintiff paid the filing fee.

**Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief,

1

Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff alleges that on March 31, 2022, defendant Ratcliffe illegally searched plaintiff's home. ECF No. 1 at 3. The search led to evidence used to arrest and incarcerate plaintiff. *Id.* Plaintiff later filed a motion to suppress the evidence, which Judge Nunley granted. *Id.* at 5-13. Plaintiff claims that he spent eighteen months in jail and spent hundreds of thousands of dollars to support his family and pay his legal fees. *Id.* at 3. For purposes of screening, plaintiff has sufficiently alleged a Fourth Amendment claim against defendants.

Accordingly, it is ORDERED that:

1. Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is DENIED as moot.

2. Plaintiff may proceed with the claims deemed cognizable in this order.

3. The Clerk of Court shall issue summons for defendants.

4. Plaintiff is directed to serve all defendants within ninety days of this order's entry.

5. Failure to do so may result in a recommendation that any unserved defendants be dismissed without prejudice for failure to timely effect services of process.

IT IS SO ORDERED.

Dated: October 24, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE