UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NICHOLAS GRAY,

Plaintiff,

v.

SACRAMENTO POLICE DEPARTMENT & RATCLIFFE,

Defendants.

Case No. 2:25-cv-2645-JDP (P)

ORDER; FINDINGS AND RECOMMENDATIONS

Plaintiff commenced this action in September 2025. On October 24, 2025, I directed plaintiff to serve defendant within ninety days. ECF No. 6. When he failed to do so, I entered an order directing plaintiff to show cause, within thirty days, why this action should not be dismissed for failure to effect service within the time prescribed by Federal Rule of Civil Procedure 4(m). ECF No. 9. The deadline to respond to my show cause order is long past and plaintiff has not filed any response. Accordingly, I recommend that this action be dismissed for failure to effect service of process. *See* Fed. R. Civ. P. 4(m).

The court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal. *Bautista v. Los Angeles Cnty.*, 216 F.3d 837, 841 (9th Cir. 2000); *see* Local Rule 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the

Court of any and all sanctions . . . within the inherent power of the Court.”).

Under Federal Rule of Civil Procedure 4(m), “[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.” Fed. R. Civ. P. 4(m). However, “if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.” *Id.* Although a pro se litigants are generally afforded more latitude than one represented by counsel, a party’s pro se status does not constitute “good cause” for failing to timely effect service. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) (“Pro se litigants must follow the same rules of procedure that govern other litigants.”); *Townsel v. Contra Costa Cnty.*, 820 F.2d 319, 320 (9th Cir. 1987) (holding that ignorance of service requirements does not constitute “good cause” for failure to timely effect service); *see also* E.D. Cal. L.R. 183(a) (“Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law.”).

The court has provided plaintiff with an extra opportunity to demonstrate that service has occurred. Plaintiff has not done so. Additionally, plaintiff has failed to comply with the court’s May 8, 2026 order. As noted, the court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal. *Bautista*, 216 F.3d at 841; *see* Local Rule 110 (“Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court.”). A court may dismiss an action based on a party’s failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

Accordingly, the court finds that plaintiff’s failures to comply with the May 8, 2026 order and to effect service as required by the Federal Rules of Civil Procedure warrant the recommendation that this action be dismissed.

Accordingly, it is ORDERED that the Clerk of Court shall assign a district judge to this action.

Further, it is RECOMMENDED that:

1. This action be dismissed without prejudice for failure to effect service and failure to comply with court orders.

2. The Clerk of Court be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: September 2, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE